■ In the Matter of the Claim of IRENE E. ADAMSKI, Respondent, v. NEW YORK STATE WORKMEN'S COMPENSATION BOARD et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by an employer and carrier from decisions of the Workmen's Compensation Board dated respectively October 24, 1962 and June 20, 1963 awarding death benefits to a widow and minor child of the decedent. On July 21, 1960 the lifeless body of deceased, a member of the Workmen's Compensation Board for the preceding 15 years, was found in a room in a hotel in New York City which he occupied while in attendance at its hearings. No autopsy was performed. The public medical examiner assigned occlusive coronary artery disease as the cause of death. Deceased suffered a myocardial infarction in 1954. On January 4, 1957 he sustained traumatic myocardial damage resulting from an industrial accident for which the board made an award of disability compensation which appellants accepted and paid. The sole issue presented on appeal is whether there is substantial evidence to support the board's present finding that deceased's death was causally related to the accident of January 4, 1957. Doctor Rutecki, who had attended deceased following the occurrence of the heart attack in 1954, on the occasion of his accidental injury in 1957 and thereafter until his death testified that the injury to the heart muscle incurred by the jolt of a railroad car had produced a coronary insufficiency leading to necrosis which in turn reduced the pumping force of the heart to a point where it could no longer meet its demands. He attributed his death to this chain of events. Doctor Chapple, a heart specialist, testified that the traumatic myocardial damage was a factor contributing to the death. The carrier's medical consultant, Doctor Clark, also a specialist in cardiology, denied causal relationship attributing the death to the coronary arteriosclerotic condition to which the accidental injury made no significant contribution. There were thus conflicting expert opinions which were based upon the same facts. The selection of either was within the fact-finding power of the board. Its choice on this record is beyond our power to disturb. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529.) Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.